JOURNAL ENTRY and OPINION
Defendant-appellant Dennis Hoole appeals from the trial court's sentencing him to maximum, consecutive sentences. We find merit to the appeal and vacate the sentence and remand for resentencing.
On January 30, 2001, Hoole was indicted on two counts of domestic violence for attacking his wife and fourteen-year-old daughter. Both counts contained furthermore clauses stating that Hoole had been previously convicted of domestic violence in July 1998.
On February 12, 2001, Hoole entered a guilty plea to both charges. On March 4, 2001, the trial court sentenced him to one year on each count, to be served consecutively.
Hoole appeals and raises the following assignment of error:
 I. DENNIS HOOLE WAS DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW BY HIS MAXIMUM, CONSECUTIVE SENTENCES, AS SAID SENTENCES DO NOT COMPORT WITH OHIO (SIC) NEW'S (SIC) SENTENCING STRUCTURE.
Hoole argues that the trial court failed to comply with the sentencing statutes because, although the trial court stated the correct statutory language, it failed to give its reasons for making the statutory findings.
The State concedes and we find, after reviewing the record, that the trial court failed to adequately provide its reasons for imposing maximum, consecutive sentences.
When imposing the maximum sentence for an offense, the sentencing court is required to make a finding that the offender fits within one of the categories listed in R.C 2929.14(C). The trial court, according to R.C.2929.19(B)(2)(d), must also state its reasons that support its finding. State v. Parker (June 7, 2001), Cuyahoga App. No. 78257, 78809, unreported. The trial court in the instant case, in imposing maximum sentences, stated:
 Therefore, Mr. Hoole, as to Count 1 of this indictment, this Court sentences you — and first, once again, I need to make a clear record — this Court sentences you to the maximum term of one year in the Lorain Correctional Institution. The maximum term is set because this Court finds that not only, given the information that I received, this is the worst form of the offense, but this Court finds that you, Mr. Hoole, pose the greatest likelihood of committing future crimes under the circumstances.
 I think I can state for the record, I'm sure you're a great employee, Mr. Hoole. I guess there is no question about it. Your employer has written me a letter indicating that you are a functioning employee on the job. What this Court sees is that you are a functioning alcoholic. You are an abusive alcoholic. And from what I can see, you're a regular Dr. Jekyll/Mr. Hyde.
 As to Count 2 of this indictment which is also a felony of the fifth degree, this Court sentences you to the maximum term of one year in the Lorain Correctional Institution. This Court finds, once again, that this is indeed the worst form of the offense and that you pose the greatest likelihood of committing future crimes.
(TR. at 15-16).
Although the trial court clearly recited the correct statutory language as set forth in R.C. 2929.14(C), it failed to give its reasons for finding the offenses to be the worst form of the offense and that Hoole posed the greatest likelihood of committing future crimes. The trial court merely stated that it based its conclusion on the information that it received. However, without a more detailed explanation, we have no idea what information the trial court relied on in making its determination.
Likewise, in imposing consecutive prison terms for convictions of multiple offenses, the trial court must make certain findings enumerated in R.C. 2929.14(E)(4). According to this statute, a court may impose consecutive sentences only when it concludes that the sentence is (1) necessary to protect the public from future crime or to punish the offender; (2) not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) the court finds one of the following: (a) the crimes were committed while awaiting trial or sentencing, under sanction or under post release control; (b) the harm caused by multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of the offense; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime. R.C. 2929.14(E).
When the trial court makes the above findings, it must also state its reasons on the record why it made the findings. State v. Gray (Feb. 22, 2001), Cuyahoga App. No. 77849, unreported.
In imposing the sentences consecutively, the trial court stated as follows:
 I will further state that the sentence set forth in Count 2 will run consecutive to the term imposed in Count 1 of the indictment.
 This Court runs that term consecutive subject to the Ohio Revised Code 2929.14(E)(3) which requires this Court to find that these consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that you imposed, sir.
 Consecutive sentence is necessary to protect the public from future crimes and to punish you. And further, this Court finds that the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of this single course of conduct would adequately reflect the seriousness of your conduct under these circumstances.
 And, given your history of criminal conduct, this Court finds that you've demonstrated that a consecutive sentence is necessary to protect the public as well as these victims from any future crime.
(TR. 16-17). The trial court merely made conclusory statements that parroted the statutory language of R.C 2929.14(E) without analyzing whether Hoole's conduct justified those conclusions. Such conclusory statements do not satisfy the statute's requirement and cannot support the imposition of consecutive sentences. State v. Gray (Feb. 22, 2001), Cuyahoga App. No. 77849, unreported; State v. Beck (Mar. 30, 2000), Cuyahoga App. No. 75193, unreported.
Although the trial court does state that Hoole's criminal history justified the imposition of consecutive sentences, consideration of Hoole's criminal history alone is insufficient to satisfy the statute's requirements as to the imposition of consecutive sentences. State v. Gray, supra. The trial court also must state its reasons for finding Hoole's sentence was not disproportionate to the seriousness of his conduct and the danger he poses to the public.
Although Hoole also contends that the evidence presented at the sentencing hearing does not support the trial court's imposing maximum, consecutive sentences, we do not find that the trial court is precluded from finding such on remand.
Hoole's presentence investigation report indicates that Hoole has a substance abuse problem. He does not recall what occurred when he committed the within offenses due to his drunken state. In 1979, Hoole pled guilty to voluntary manslaughter and was sentenced to seven to twenty-five years. He was convicted of a prior domestic violence offense in 1998 for which he was on inactive probation at the time he committed the domestic violence offenses in the instant case. The current offenses involve acts he committed against his wife and daughter. These are all considerations which may lead the trial court to impose maximum, consecutive sentences.
Based on the above, we conclude that although we find there was sufficient evidence presented to the court for consideration of maximum, consecutive sentences, we find that trial court failed to provide sufficient reasons on the record in support of its imposing maximum, consecutive sentences. Hoole's sole assignment of error is well taken.
Sentence is vacated and case is remanded for resentencing.
This cause is remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that appellant and appellee share the costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and ANN DYKE, J., CONCUR